

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. M. Wiggins, President
College of Mines and Metallurgy
El Paso, Texas

Dear Sir:

Opinion No. O-4203
Re:  Payment of traveling expenses
      of heads of colleges.

Your letter of November 3, asks the opinion of this department upon the question whether your travel expense account to Oklahoma City and to Norman, Oklahoma, may be paid.

You advise that the account has been rejected by the Comptroller, the basis of the rejection being that the Board of Regents of your College had not given advance approval for the trip. You give the facts surrounding the making of the trip, indicating that the trip was made in an emergency, occasioned by the fact that on September 12, immediately after registration began at the Texas College of Mines, it became apparent that you would need additional staff members, and you were confronted with the necessity of filling a vacancy created by the last minute resignation of a member of the engineering division.

The payment of these traveling expenses is governed by the provisions of House Bill No. 272, Acts Regular Session, 47th Legislature, the bill fixing appropriations for educational institutions of higher learning. Subsection 6 of the general rider appended to such bill provides as follows:

> ". . . No traveling expenses shall be incurred by board members, heads of institutions, or by any employee of any of the schools, or other agencies named herein, inside or outside of the boundaries of the State of Texas, except for State business, and no travel shall be performed outside the State except upon the advance written consent of the school's Board of Regents or Directors. . . ."

Your right to be reimbursed for traveling expenses incurred on a trip outside of the State, from the appropriations

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

made to your institution by the above mentioned appropriation bill, is to be determined by reference to the provisions thereof. The act is clear and explicit in its requirement that "no travel shall be performed outside the State except upon the advance written consent of the school's Board of Regents or Directors". No exception is made from this requirement, authorizing such travel in emergency without the advance written consent of the school's Board of Regents or Directors. We are not at liberty to read such exception into the provisions above quoted.

It follows that, since the advance written consent of the school's Board of Directors or Board of Regents to the making of the described trip was not obtained, the traveling expenses incurred upon said trip may not be paid from the appropriation provided by the bill for your institution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 14, 1941

ASSISTANT
ATTORNEY GENERAL

By

R. W. Fairchild
Assistant

RWF:mp


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN